UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARK MARLOW and NANCY MARLOW, husband and wife,<br><br>                Plaintiffs,<br><br>   v.<br><br>JOHN HOTCHKISS, in his individual capacity; STEVEN M. CLEM, in his individual capacity; ANDREW L. KOTTKAMP, in his individual capacity; KAREN M. URELIUS, in her individual capacity; GLEN A. DE VREIS, in his individual capacity; JERRY J. GREGORY, in his individual capacity; RAMON PEREZ, in his individual capacity; ANTHONY O. WRIGHT, in his individual capacity; ERIC PENTICO, in his individual capacity; GARY GRAFF, in his individual capacity; BRUCE A. ESTOK, in his individual capacity; F. DALE BAMBRICK, in his individual capacity; MARK D. KULASS, in his individual capacity; DALE L. SNYDER, in his individual capacity; KEN STANTON, in his individual capacity; STEVEN JENKINS, in his | NO: 2:15-CV-0131-TOR<br><br>ORDER DENYING MOTIONS FOR DEFAULT JUDGMENT |

ORDER DENYING MOTIONS FOR DEFAULT JUDGMENT ~ 1

| | |
|---|---|
| 1<br>2 | individual capacity; DOES 1 through 10, inclusively in their individual capacity. |
| 3 | Defendants. |

BEFORE THE COURT are Plaintiffs' Motions for Default Judgments (ECF Nos. 11; 12; 13; 21). These matters were submitted without oral argument. The Court has reviewed the record and files herein, and is fully informed.

## BACKGROUND

Plaintiffs filed a complaint on May 14, 2015, alleging a number of causes of action against Defendants relating to real property in Douglas County, Washington. ECF No. 1. On May 26, 2015, Plaintiffs filed proof of service indicating that Defendants Kottkamp, Snyder, De Vreis, Hotchkiss, Stanton, Kulaas, Clem, and Jenkins were served with a copy of a summons and complaint on May 15, 2015. ECF No. 2 (and attachments). Subsequently, Plaintiffs filed proof of service indicating Defendants Pentico and Urelius were served on May 22, 2015 (ECF No. 8-1; 8-2), Defendant Perez was served on May 27, 2015 (ECF No. 8-3); and Defendant Bambrick was served on June 16, 2015 (ECF No. 8).

On May 28, 2015, a special notice of appearance was filed on behalf of Defendants Hotchkiss, Clem, Kottkamp, De Vreis, Perez, Kulaas, Snyder, Stanton, and Jenkins by private counsel Heather C. Yakely. ECF No. 3. These Defendants filed their answer to Plaintiffs' complaint on July 7, 2015. ECF No. 9.

ORDER DENYING MOTIONS FOR DEFAULT JUDGMENT ~ 2

On June 10, 2015, a notice of appearance was filed on behalf of Defendants Pentico and Graff by Carl P. Warring, an Assistant Attorney General for the State of Washington. ECF No. 4. Defendants Pentico and Graff filed an answer to Plaintiffs' complaint on June 12, 2015. ECF No. 5.

On July 8, 2015, notice of appearance was filed on behalf of the remaining Defendants Urelius, Gregory, Wright, Estok, and Bambrick by Vanessa R. Waldref, an Assistant United States Attorney. ECF No. 10. These Defendants have not yet filed an answer to the complaint.

Plaintiffs filed three motions for default judgment on July 10, 2015. The first motion requests default judgment against Defendant Urelius. ECF No. 11. The second requests default against Defendant Bambrick. ECF No. 12. The third requests default judgment against all Defendants based upon Plaintiffs' argument that "there is no document in the instant record that squarely faces and addresses" various contentions the Marlows make in their complaint. ECF No. 13. The Plaintiffs filed a fourth motion for default judgment on July 30, 2015, alleging that "the named Defendants have failed, refused, or neglected to TIMELY file and serve any court documents that squarely faced any of the issues present in their original ACTION-AT-LAW." ECF No. 21.

//

//

ORDER DENYING MOTIONS FOR DEFAULT JUDGMENT ~ 3

DISCUSSION

In general, a party must file a responsive pleading within twenty-one days after being served with a summons and complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). If the United States, a United States agency, or a United States officer or employee is sued in an official capacity, a responsive pleading must be filed within sixty days of service. Fed. R. Civ. P. 12(a)(2).

Federal Rule of Civil Procedure 55 governs the two-step process for obtaining default judgment against parties who fail to respond. As explained in the Court's local rules, obtaining a default judgment is a two-step process: "(1) entry of default and (2) entry of default judgment. A party must first file a motion for entry of default, obtain a Clerk's Order of Default, and then file a separate motion for default judgment." L.R. 55.[1]

The first step is to request the clerk of court to enter default against a party. Under Federal Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure

---

[1] The local rules are available on the website for the District Court for the Eastern District of Washington (http://www.waed.uscourts.gov). Although Plaintiffs proceed pro se they are expected to know and abide by the rules detailed therein, as well as the rules contained in the Federal Rules of Civil Procedure.

ORDER DENYING MOTIONS FOR DEFAULT JUDGMENT ~ 4

is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). As articulated by the local rules, this process occurs "without action by the Judge." L.R. 55.1(a). First, the party seeking default must provide written notice of the intention to move for entry of default to counsel for the party against whom default is sought and at least fourteen days prior to the filing of the motion for entry of default. L.R. 55.1(a)(1). After providing this notice, the party seeking default must then file an affidavit with the clerk showing: "(a) that proper notice of the intention to seek an entry of default has been given; and (b) that the party against whom default is sought was properly served with the summons and complaint in a manner authorized by F̲ED̲. R. C̲IV̲. P. 4." L.R. 55.1(a)(2).

Only after default has been entered against a party by the clerk may a motion for default judgment be filed for consideration by the Court. L.R. 55.1(b); *see also* Fed. R. Civ. P. 55(b). A motion for default judgment must contain an affidavit as required by local rule 55.1(b)(1).

Plaintiffs have failed to follow the proper procedure for entry of default and default judgment. First, Plaintiffs have immediately moved the Court for default judgment without first seeking entry of default from the clerk. Second, Plaintiffs failed to provide the required fourteen-day written notice. Third, Plaintiffs have not provided the required affidavit showing proper service. In fact, at this point,

ORDER DENYING MOTIONS FOR DEFAULT JUDGMENT ~ 5

Plaintiffs have still not filed proof of service for Defendants Gregory, Wright, Graff, or Estok.

Finally, Defendants Hotchkiss, Clem, Kottkamp, De Vreis, Perez, Kulaas, Snyder, Stanton, Jenkins, Pentico and Graff have all filed responsive pleadings and default cannot now be entered against them. *See* ECF Nos. 5; 9. Plaintiffs object to the sufficiency of these answers. *See* ECF Nos. 13; 21. However, an answer must merely "(A) state in short and plain terms [the party's] defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1). The filed answers do so, and are sufficient responsive pleadings. *See* ECF Nos. 5; 9.

Plaintiffs also object to the notices of appearances filed by the Washington State Attorney General and the United States Attorney on behalf of Defendants who are, respectively, state and federal employees. *See* ECF No. 13; 18. Specifically, the Plaintiffs object to these public advocates representing "street people who were sued in their individual capacity simply because they injured the Marlows with their actions that were not within the scope of their office or employment." ECF No. 13 at 3; *see also* 18 at 2.

Plaintiffs' assertion is insufficient to establish that the Defendants were not acting in their official capacities. "Whether a Government employee was acting within the scope of his employment is a mixed question of law and fact" to be

ORDER DENYING MOTIONS FOR DEFAULT JUDGMENT ~ 6

determined after further factual development of the record.  *See Meridian Int'l Logistics, Inc. v. United States*, 939 F.2d 740, 745 (9th Cir. 1991).  While the facts are insufficiently developed to fully determine the matter at this time, it appears from the Plaintiffs' factual allegations that their claims arise from disputes about zoning and permitting within Douglas County.  *See* ECF No. 1-2 at 5–8.  Zoning and permitting are traditional governmental functions.  *See, e.g.*, *Larkin v. Grendel's Den, Inc.*, 459 U.S. 116, 121 (1982).  Because Plaintiffs' allegations arise out of a dispute involving the performance of governmental functions, the state and federal employee Defendants may be entitled to representation by the Washington State Attorney General and the United States Attorney, respectively.  *See* 28 U.S.C. § 2679(c), (d); RCW 4.92.060, .070.

**ACCORDINGLY, IT IS HEREBY ORDERED**

Plaintiffs' Motions for Default Judgment (ECF Nos. 11; 12; 13; 21) are **DENIED**.

The District Court Executive is hereby directed to enter this Order and furnish copies to Plaintiffs and counsel.

**DATED** August 11, 2015.



THOMAS O. RICE
United States District Judge

ORDER DENYING MOTIONS FOR DEFAULT JUDGMENT ~ 7