1
2
3
4
5               UNITED STATES DISTRICT COURT
6               EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| 7  MARK MARLOW and NANCY MARLOW, husband and wife, | NO: 2:15-CV-0131-TOR |
| 8                    Plaintiffs, | ORDER ON DEFENDANTS' MOTIONS TO DISMISS |
| 9     v. | |
| 10 JOHN HOTCHKISS, in his individual capacity; STEVEN M. CLEM, in his individual capacity; ANDREW L. KOTTKAMP, in his individual capacity; KAREN M. URELIUS, in her individual capacity; GLEN A. DE VREIS, in his individual capacity; JERRY J. GREGORY, in his individual capacity; RAMON PEREZ, in his individual capacity; ANTHONY O. WRIGHT, in his individual capacity; ERIC PENTICO, in his individual capacity; GARY GRAFF, in his individual capacity; BRUCE A. ESTOK, in his individual capacity; F. DALE BAMBRICK, in his individual capacity; MARK D. KULASS, in his individual capacity; DALE L. SNYDER, in his individual capacity; KEN STANTON, in his individual capacity; STEVEN JENKINS, in his | |

ORDER ON DEFENDANTS' MOTIONS TO DISMISS~ 1

| | |
|---|---|
| 1<br>2 | individual capacity; and DOES 1 through 10, inclusively in their individual capacity. |
| 3 | Defendants. |

BEFORE THE COURT are Defendants Eric Pentico and Gary Graff's Motion to Dismiss or in the Alternative for Summary Judgment (ECF No. 40), Defendants F. Dale Bambrick, Bruce Estok, Jerald Gregory, Karen Urelius, and Anthony Wright's ("Federal Employee Defendants") Motion to Dismiss (ECF No. 44), Defendants John Hotchkiss, Steven M. Clem, Andrew Kottkamp, Glen A. Devries, Ramon Perez, Mark Kulaas, Dale Snyder, Steven Jenkins and Ken Stanton's ("Douglas County Defendants") Motion to Dismiss (ECF No. 45). These matters were submitted without oral argument. Defendants Pentico and Graff are represented by Carl P. Warring. The Federal Employee Defendants are represented by Vanessa R. Waldref. The Douglas County Defendants are represented by Heather C. Yakely. Plaintiffs Mark and Nancy Marlow are proceeding *pro se*.

The Court has reviewed the briefing, the record and files therein, and is fully informed.

//

//

## BACKGROUND

On May 14, 2015, Plaintiffs filed a Complaint in this Court alleging constitutional violations related to zoning and permitting issues concerning Plaintiffs' real property in Douglas County, Washington. ECF No. 1. Specifically, Plaintiffs allege the following causes of action: (1) "Breach of the Covenant of Good Faith and Fair Dealing;" (2) "Violation of Past Subject Matter Jurisdictional Challenge Violations;" (3) "Fourth Amendment Expectation of Privacy Violations and Probable Cause Violations;" (4) "Violation of Fifth Amendment Due Process;" (5) "Violation of the Forever Benefits of a Specific United States Land Patent;" *Id.* at 18-22, (6) Action for a Quiet Title Against All Named Defendants; and (7) Declaratory Relief. *Id.* at 1. Plaintiffs also allege damages in the amount of $1,500,000. *Id*. at 23.

In the Complaint caption Plaintiffs assert they are suing each Defendant in their individual capacity. *Id.* at 1. Defendant Graff is a Professional Wetland Scientist who works for the Washington State Department of Ecology, and Defendant Pentico is an Area Habitat Biologist who works for the Washington State Department of Fish and Wildlife. ECF No. 40 at 7. All of the Federal Employee Defendants are employed by the United States Army Corps of Engineers and National Oceanic and Atmospheric Administration. ECF No. 44 at 1-2. The Douglas County Defendants are officials and employees of Douglas County, and

Defendant John Hotchkiss is a Douglas County Superior Court Judge and Defendant Steven M. Clem is a Douglas County Prosecuting Attorney. ECF No. 45 at 2.

The Douglas County Defendants and Defendants Graff and Pentico have answered the Complaint. ECF Nos. 5, 9. The Federal Employee Defendants have not filed an answer, and argue that Plaintiffs have failed to properly serve the Federal Employee Defendants pursuant to Federal Rule of Civil Procedure 4(i). *See* ECF No. at 13-14.

On October 30, 2015, Defendants Pentico and Graff filed a motion to dismiss for failure to state a claim or, in the alternative, for summary judgment. ECF No. 40. On November 3, 2015, both the Federal Employee Defendants and Douglas County Defendants filed motions to dismiss. ECF Nos. 44, 45. Additionally, the Douglas County Defendants filed a joinder to adopt the Federal Employee Defendants' argument that Plaintiffs' complaint does not meet the requirements of FRCP 8(a)(2). ECF No. 46 (citing ECF No. 44 at 12-13).

Plaintiffs filed responses in opposition to each motion to dismiss. ECF Nos. 48, 49, 50. The Federal Employee Defendants and Douglas County Defendants filed respective replies. ECF No. 52, 53. Defendants Pentico and Graff filed a notice to the Court and parties that they will not file a reply and rely on their original briefings. ECF No. 51.

**FACTS**

On June 3, 1997, Plaintiffs purchased shoreline property on the Columbia River in Douglas County, Washington. ECF No. 1 at 36. Shortly thereafter, Plaintiffs allege Mrs. Marlow "made a call to Douglas County to ask if permits were required to cap an existing boat launch and pour other concrete on the property." *Id.* Plaintiffs "believe" Mrs. Marlow spoke to Douglas County employee Roberta Jackson, who allegedly gave Mrs. Marlow the "verbal okay for concrete work" and told her permits were not required for "flat work." *Id.* Sometime thereafter, Plaintiffs made unpermitted improvements to their property. Plaintiffs allege various Douglas County employees visited their property in 1999, 2003, and 2005 to assess multiple permit applications for other structures on their property and "showed zero concern that the [unpermitted improvements] were in any violation." *Id.*

On October 27, 2010, Plaintiffs allege they were contacted by Defendant Perez to "speak unofficially about our alleged violations" concerning the unpermitted improvements. *Id.* at 37. In January of 2011, Plaintiffs claim they received their "first formal letter from the county" instructing them formal enforcement proceedings may be taken against them for the unpermitted improvements. *Id.*

Sometime in 2011,[1] Plaintiffs' claim their case was reviewed by a Douglas County Hearing Examiner. *Id.* Plaintiffs do not provide the details of the Hearing Examiner's decision, but the Court presumes the outcome was unfavorable for Plaintiffs as they filed an appeal with the Douglas County Superior Court. *See id.* at 6-7. Similarly, Plaintiffs do not set forth the dates and details regarding the appeal, but dispute the jurisdiction of the Douglas County Superior Court over this matter and claim its decision is "null and void" *See* ECF No. 1 at 7, 8.

On May 14, 2015, Plaintiffs initiated this action. *See* ECF No. 1. In the Complaint, Plaintiffs assert "sovereign" title to their Douglas County Property, *id.* at 14-16, and claim the "named Co-Defendants have for more than four years attempted to enforce a retroactive ex post factor Administrative law on [Plaintiffs and their property]." *Id.* at 12. The gravamen of Plaintiffs' Complaint is that their property is not subject to any county, state, federal, or other, laws, and the administrative and judicial proceedings enforcing the land use and permitting laws against their Douglas County property were commenced without authority, and therefore, have no force. *See id.* at 6-8, 14-17.

//

---

[1] Plaintiffs do not clearly set forth the dates and details regarding this hearing, and other matters.

# DISCUSSION

## I. Jurisdictional Bar

As a preliminary matter, Defendants Pentico and Graff argue that the Court lacks jurisdiction over Plaintiffs' claims pursuant to the *Rooker-Feldman* doctrine. ECF No. 40 at 4-5. Because the *Rooker-Feldman* doctrine concerns the scope of the Court's jurisdiction, the Court will address this issue first in order to determine if it can reach the remaining defenses raised by Defendants.

Pursuant to the *Rooker-Feldman* doctrine, "a United States District Court has no authority to review final judgments of a state court in judicial proceedings. Review of such judgment may be had only in [the United States Supreme Court]." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 492 (1983); *see Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012) ("The doctrine bars a district court from exercising jurisdiction not only over an action explicitly styled as a direct appeal, but also over the 'de facto equivalent' of such an appeal) (citation omitted). "This is true even if the challenge to a state court decision involves federal constitutional issues." *Branson v. Nott*, 62 F.3d 287, 291 (9th Cir. 1995) (citing *Feldman*, 460 U.S. at 484-486). "The purpose of the doctrine is to protect state judgments from collateral federal attack." *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001).

"To determine whether the *Rooker-Feldman* bar is applicable, a district court first must determine whether the action contains a forbidden *de facto* appeal of a state court decision." *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013) (citing *Noel v. Hall,* 341 F.3d 1148, 1158 (9th Cir. 2003)). The Ninth Circuit has explained, "[t]o determine whether an action functions as a de facto appeal, we pay close attention to the *relief* sought by the federal-court plaintiff. It is a forbidden de facto appeal under *Rooker–Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." *Cooper*, 704 F.3d at 777-78 (emphasis in original) (internal citations and quotations omitted). If the court determines a plaintiff brought a forbidden de facto appeal, and consequently, the *Rooker-Feldman* doctrine applies, the doctrine will not only prohibit the plaintiff from litigating the de facto appeal, but also any issue that is "inextricably intertwined" with the state court's judgment. *Id.* at 778-79. A claim is "inextricably intertwined" with a state court judgment "if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it," i.e. "[w]here federal relief can only be predicated upon a conviction that the state court was wrong." *Id.* at 779. (quotation omitted); *see also Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) (providing that claims are "inextricably intertwined" with

the state court's decision if "the adjudication of … [such] claims would undercut the state ruling").

Plaintiffs contend that they are not attempting to appeal any state court decision or judgment, rather, they claim their Complaint "should be considered as a brand-new Subject Matter Jurisdictional Challenge[.]" ECF No. 1 at 8. Specifically, Plaintiffs assert this action is a "Jurisdictional Paradigm-Shift away from all non-jurisdictional state court actions that were accomplished while in the clear, total, complete, absence of all Subject Matter Jurisdiction." *Id.* at 6. Plaintiffs argue that well-settled law indicates that "no Federal, State, County, City, Township, Town or Village Administrative-Laws apply to Plaintiffs [] and the subject Private Sovereign Land," *Id.* at 6-7, and consequently the actions of the state court are "null and void." *Id.* at 8.  Further, Plaintiffs accuse Defendant Judge Hotchkiss of "impersonating a judicial officer who knew or reasonably should have known the American Laws regarding the Sovereignty of the subject United States Land Patented private land and the Sovereignty of its owners [Plaintiffs], and their family." *Id.* at 7.

Despite Plaintiffs' argument otherwise, the Court finds this action is a de facto appeal of a state court decision or judgment.  Plaintiffs challenge the subject matter jurisdiction of the Douglas County Superior Court over Plaintiffs' permitting dispute with the County.  The Superior Court rejected this argument.

ORDER ON DEFENDANTS' MOTIONS TO DISMISS~ 9

*See id.* at 19.  While Plaintiffs' argument that a court's subject matter jurisdiction "can be challenged any time" has merit, *id.* at 8, Plaintiffs must follow the appropriate and timely appellate processes required by Washington State Court Rules.  *See Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) (stating a federal district court does not have subject matter jurisdiction to a hear a direct appeal from a state court; the United States Supreme Court is the only federal court with jurisdiction to hear such an appeal).  Tellingly, while Plaintiffs' Complaint includes a request for $1.5 million in damages against all Defendants, Plaintiffs also request "action for a quiet title against all named defendants" and declaratory relief that the original state action lacked jurisdiction over Plaintiffs and their Douglas County property due to Plaintiffs' and their property's "sovereign" status.  *See* ECF No. 1 at 1; 6-8.  If this Court were to grant Plaintiffs the relief they seek, it would necessarily involve overturning the Superior Court's judgment concerning Plaintiffs' jurisdictional challenge and Plaintiffs' unpermitted improvements to their Douglas County property.  Thus, the Court finds *Rooker-Feldman* applies to Plaintiffs' request for a declaration that the original state court action was without subject matter jurisdiction (Causes of Action (2) and (7)) and "violated" Plaintiffs' sovereignty over their Douglas County property (Causes of Action (5) and (7)) and Plaintiffs' request for a quiet title (Cause of Action (6)).  *See Cooper*, 704 F.3d at 777-78.  Pursuant to the *Rooker-Feldman* doctrine, Plaintiffs' Causes of Action

(2), (5), (6) and (7) are a collateral attack on a state court's judgment and this Court is without jurisdiction to hear these claims. Accordingly, these claims are dismissed with prejudice.

Having determined that Plaintiffs' action is, at least in part, a de facto appeal, the Court considers next whether any remaining claims are "inextricably intertwined" with the state court decision from which the de facto appeal was taken. *See Noel*, 341 F.3d at 1165.

Plaintiffs allege Defendants' conduct violated their Fourth Amendment right to privacy and their Fifth Amendment right to due process. *See* ECF No. 1 at 20, 21. A claim alleging misconduct, even by a third party, may be "inextricably intertwined" if the allegations were previously considered by the state court judge in reaching the decision in a particular case. *See Cooper*, 704 F.3d at 782 (holding plaintiff's claim that a prosecutor, senior criminalist, and other public officials had falsified evidence was "inextricably intertwined" with the state court's judgment in the plaintiff's cause because the state court had "found that similar and, in some instances, identical allegations were insufficient"). Here, Plaintiffs' allegations that their rights were violated are based on their contestation to the state court's jurisdiction. *See* ECF No. 1 at 20, 21 (Plaintiffs claiming Defendants' unconstitutionally "spied on and *filed unlawful fraudulent non-jurisdictional granting Documents in the state court*" in violation of their Fourth and Fifth

Amendment rights) (emphasis added). The implication of Plaintiffs' claim is that the alleged misconduct, the filing of documents in state court, is unconstitutional because the state court did not have jurisdiction over Plaintiffs and their property. These allegations were considered in the state court action when the court rejected Plaintiffs' subject matter jurisdiction challenge. Therefore, the Court finds that these allegations (Causes of Action (3) and (4)) are "inextricably intertwined" with Plaintiffs' de facto appeal, and consequently, these claims are dismissed with prejudice.

Similarly, in their remaining claim, Plaintiffs' allege "that the *commencement of proceedings upon the private land* lawfully belonging to them… was in violation of their constitutionally guaranteed and secured rights to be protected by the implied Covenant of Good-Faith and Fair Dealing." ECF No. 1 at 18 (emphasis added). While it is unclear precisely what cause of action Plaintiffs' assert,[2] it is clear that this claim, again, is based on Plaintiffs' subject matter jurisdiction challenge. As above, this allegation is "inextricably intertwined" with Plaintiffs' de facto appeal, and this Court lacks jurisdiction to hear this claim.

---

[2] A breach of the covenant of good faith and fair dealing is a contract claim. Here, Plaintiffs do not allege any facts that indicate a contract between Plaintiffs and any defendant exists, nor do Plaintiffs allege such a contract exists.

Thus, Plaintiffs' remaining claim (Cause of Action (1)) is dismissed with prejudice.

Accordingly, the Court finds that Plaintiffs' claims are barred by the *Rooker-Feldman* doctrine, and Defendants' motions to dismiss are granted on this basis. *See Cooper*, 704 F.3d at 777.

Finally, granting leave to amend the complaint would be nothing less than futile. See *id*. at 783-85.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Motions to Dismiss (ECF Nos. 40, 44, 45) are **GRANTED**.

2. Plaintiffs' claims are **DISMSSED with prejudice**.

The District Court Executive is hereby directed to enter this Order, enter Judgment for Defendants, provide copies to counsel and Plaintiffs, and **CLOSE** the file.

**DATED** January 14, 2016.

THOMAS O. RICE
United States District Judge