1

2

3

4

5                     UNITED STATES DISTRICT COURT

6                     EASTERN DISTRICT OF WASHINGTON

7    MARK MARLOW and NANCY
     MARLOW, husband and wife,                    NO:  2:15-CV-0131-TOR
8
                        Plaintiffs,              ORDER DENYING PLAINTIFFS'
9                                                MOTION TO RECONSIDER
          v.                                     DISMISSAL
10
     JOHN HOTCHKISS, in his individual
11   capacity; STEVEN M. CLEM, in his
     individual capacity; ANDREW L.
12   KOTTKAMP, in his individual
     capacity; KAREN M. URELIUS, in
13   her individual capacity; GLEN A. DE
     VREIS, in his individual capacity;
14   JERRY J. GREGORY, in his
     individual capacity; RAMON PEREZ,
15   in his individual capacity; ANTHONY
     O. WRIGHT, in his individual
16   capacity; ERIC PENTICO, in his
     individual capacity; GARY GRAFF, in
17   his individual capacity; BRUCE A.
     ESTOK, in his individual capacity; F.
18   DALE BAMBRICK, in his individual
     capacity; MARK D. KULASS, in his
19   individual capacity; DALE L.
     SNYDER, in his individual capacity;
20   KEN STANTON, in his individual
     capacity; STEVEN JENKINS, in his

ORDER DENYING PLAINTIFFS' MOTION TO RECONSIDER DISMISSAL ~ 1

individual capacity; and DOES 1
through 10, inclusively in their
individual capacity.

                        Defendants.

BEFORE THE COURT is Plaintiffs' Verified Motion to Reconsider

Dismissal With Prejudice - With Memorandum of Law (ECF No. 58).  This matter

was submitted for consideration without oral argument. The Court has reviewed

the briefing, the record and files therein, and is fully informed.

## BACKGROUND

Plaintiffs, proceeding *pro se*, filed their Complaint in this action on May 14,

2015.  ECF No. 1.  In their Complaint, Plaintiffs assert constitutional violations

related to zoning and permitting issues concerning their real property in Douglas

County, Washington.

On January 14, 2016, this Court granted Defendants' motions to dismiss,

finding the Court lacks jurisdiction over Plaintiffs' claims pursuant to the *Rooker-*

*Feldman* doctrine.  ECF No. 56.  Accordingly, this Court dismissed Plaintiffs'

claims with prejudice and entered judgment for Defendants.  ECF No. 57.

In the instant motion, Plaintiffs ask this Court to reconsider its order

dismissing this case.  ECF No. 58.

//

ORDER DENYING PLAINTIFFS' MOTION TO RECONSIDER DISMISSAL ~ 2

**DISCUSSION**

A motion for reconsideration of a judgment may be reviewed under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment). *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id*. at 1263; *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). "There may also be other, highly unusual, circumstances warranting reconsideration." *School Dist. No. 1J*, 5 F.3d at 1263.

Whether to grant a motion for reconsideration is within the sound discretion of the court. *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003). Reconsideration is properly denied when the movant "present[s] no arguments . . . that had not already been raised" previously. *Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1989); *see also City of Fresno v. United States*, 709 F.Supp.2d 888, 916 (E.D. Cal. 2010) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.").

The Court finds reconsideration is not warranted. Plaintiffs fail to show more than disagreement with the Court's decision, and merely rehash the same arguments and allegations they have asserted in nearly every pleading before this Court. Although Plaintiffs believe this Court's order was "unconstitutional" and denied them their right to a trial by jury, they have failed to show manifest error, present new facts or law that could not have been brought to this Court's attention earlier, or otherwise demonstrate any reason that justifies reconsideration. *See Sch. Dist. No. 1J*, 5 F.3d at 1262. Accordingly, Plaintiffs motion is denied and the Court's previous order stands.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion to Reconsider Dismissal with Prejudice (ECF No. 58) is **DENIED.**

The District Court Executive is hereby directed to enter this Order and provide copies to counsel and Plaintiffs

**DATED** February 29, 2016.



THOMAS O. RICE
Chief United States District Judge

ORDER DENYING PLAINTIFFS' MOTION TO RECONSIDER DISMISSAL ~ 4